IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BERNARD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-110 |
| | ) | |
| TYRONE OLIVER; WARDEN | ) | |
| KOCHELL WATSON; MRS. BRAGG; | ) | |
| MR. CARR; LT. JOHNSON; | ) | |
| MRS. BROWN; MRS. PATTON; and | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Central State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  <u>See</u>

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a review of Plaintiff's pleadings and prior

history of case filings, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**

without prejudice.

## I.      Background

A prisoner attempting to proceed IFP in a civil action in federal court must comply with

the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires

frequent filer prisoners to prepay the entire filing fee before federal courts may consider their

lawsuits and appeals."  <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations

omitted), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007); <u>see also</u> <u>Lomax</u>

<u>v. Ortiz-Marquez</u>, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its

terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The

Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an

inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to

due process of law, or an inmate's right to equal protection.  <u>Rivera</u>, 144 F. 3d at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil

Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have

begun other lawsuits in state or federal court dealing with the same facts involved in the current action; (2) whether, while incarcerated, they have brought federal lawsuits dealing with facts other than those involved in the current action; (3) the disposition of any such lawsuits; (4) whether they were allowed to proceed IFP in any such lawsuits; and (5) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, pp. 1-3.)    If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 1-4.)

## II.      Discussion

Here, under penalty of perjury, Plaintiff identified two federal cases he filed prior to commencing the current case, which was docketed by the Clerk of Court on November 17, 2025.  (See doc. no. 1, pp. 1, 3-4, 12.)  Those two disclosed cases are:  (1) Williams v. Baxter, 1:21-cv-02099 (N.D. Ga. May 18, 2021); and (2) Williams v. Unnamed Defendant, 1:13-cv-01296 (N.D. Ga. Apr. 11, 2013).  (Id. at 1, 3-4.)  However, the Court is aware Plaintiff has filed at least three other federal lawsuits while incarcerated:  (1) Williams v. Oliver, 3:25-cv-054 (S.D. Ga. May 9, 2025)[1];  (2) Williams v. Labat, 1:24-cv-0285 (N.D. Ga. Jan. 19, 2024); and (3) Williams v. Kemp, 3:05-cv-001 (S.D. Ga. Jan. 4, 2005)[2].  Williams v. Labat was dismissed as malicious because Plaintiff misrepresented his prior filing history.  See 1:24-cv-0285, doc. nos. 3, 5.

---

[1]In correspondence filed after the complaint, and although not identified as such in the original pleading, Plaintiff identified the current case as a "refiling" of a prior case, which appears to be Williams v. Oliver, 3:25-cv-054.  (See doc. no. 6.)

[2]This case was originally filed in the Northern District of Georgia and transferred to the Southern District of Georgia by Order of United States District Judge J. Owen Forrester.  Williams v. Kemp, 1:04-cv-3297, doc. no. 2 (N.D. Ga. Dec. 22, 2004).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In <u>Rivera</u>, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731; <u>see also</u> <u>Strickland v. United States</u>, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); <u>Sears v. Haas</u>, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); <u>Young v. Sec'y Fla. for Dep't of Corr.</u>, 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original

4

complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[3]

---

[3]Plaintiff's current claims concern events alleged to have occurred on January 7, 2025. (Doc. no. 1, p. 6.) Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

**III.    Conclusion**

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 25th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA